IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-01654-WDM-BNB

JOHN WAYNE MILLER,

Plaintiff,

v.

MARK EVERSON,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This case was removed from the Boulder County District Court on August 11, 2004. The Complaint is entitled "Complaint to Quiet Title to Real Property." Mark Everson is named as the sole defendant.

The defendant filed a motion to dismiss on October 7, 2004, asserting that he is the Commissioner of the Internal Revenue Service. He seeks dismissal of this case based on insufficiency of service of process. The plaintiff did not respond to the defendant's motion to dismiss.

A plaintiff must comply with the following requirements in order to effect service on the United States, its agencies, corporations, officers, or employees:

> (1) Service upon the United States shall be effected
>
> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the
>
> summons and of the complaint by registered or certified mail

>> addressed to the civil process clerk at the office of the United States attorney and
>
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
>
> (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.
>
> (2)(A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.
>
> (B) Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States--whether or not the officer or employee is sued also in an official capacity--is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), or (g).

Fed. R. Civ. P. 4(i).

It appears from the record that the plaintiff has attempted to serve only defendant Everson and has, therefore, failed to comply with the requisites of Rule 4(i). *Complaint*, attached Certificate of Service.

It also appears that the plaintiff has failed to comply with Rule 4(m), Fed. R. Civ. P., which provides in part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the
>
> court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that

2

>       defendant or direct that service be effected within a specified time;
>       provided that if the plaintiff shows good cause for the failure, the
>       court shall extend the time for service for an appropriate period.

The 120 days for service provided in Rule 4(m) expired on December 9, 2004. Consequently, I ordered the plaintiff to show cause in writing on or before July 25, 2005, why this case should not be dismissed for insufficiency of service of process and for failure to timely effect service of process as required by the Federal Rules of Civil Procedure. D.C.COLO.LCivR 41.1. I cautioned the plaintiff that failure to show cause on or before July 25, 2005, would result in my recommendation to the district judge that this case be dismissed. The plaintiff did not respond to the Order to Show Cause. Accordingly, I respectfully

RECOMMEND that the Complaint be dismissed for insufficiency of service of process and for failure to timely effect service of process as required by the Federal Rules of Civil Procedure.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 29, 2005.

                                                                BY THE COURT:

                                                           /s/ Boyd N. Boland
                                                           United States Magistrate Judge